IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:08-CR-16 |
| | ) | |
| GARY MOORE | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This criminal case is before the court on the government's motion seeking a reconsideration of the court's previously entered Memorandum and Order granting the defendant's motion to suppress seized from him during a traffic stop [doc. 118]. The defendant has filed a response [doc. 120], and the motion is ripe for the court's consideration. The court cannot discern any reason to change its opinion that the defendant's motion to suppress evidence should be granted, and the government's motion for reconsideration will be denied.

In its motion to reconsider, the government reviews the testimony presented at the suppression hearing and the events depicted on the video of the traffic stop, and suggests that this evidence supports a finding of probable cause to search the defendant's person. Only a few of the government's points requires any discussion. First, the government lists numerous facts that support its conclusion that it was more probable than not that the defendant had cocaine on

his person. But, it was equally if not more probable that the driver Melissa Moore had cocaine on her person because she was the one who was visibly upset and crying. That the defendant was calm and pleasant throughout traffic stop would seem to reduce the level of suspicion as to him. The court also wonders if the officers would have searched Ms. Moore for drugs if they had not found the cocaine on the defendant. Whatever suspicion the officers had about the defendant surely applied to Ms. Moore, also.

Second, one of the facts supporting a finding of probable cause listed by the government is that the defendant attempted to flee when the officers began to search him. The court finds that the defendant's attempted flight occurred <u>after</u> the officer tried to search him. Evidence obtained after the officers began to search cannot be used to later justify the search.

The government also raises an entirely new argument in its motion for reconsideration. The government argues for the first time that the defendant could have been arrested for resisting arrest under the Tennessee statute (Tenn. Code Ann. § 39-16-602), and the cocaine would have been found in a search incident to the arrest. Under this court's *de novo* review, however, it is only necessary for this court to review the objected-to portions of the magistrate judge's report and recommendation. Since this theory was never raised below, either in the government's response to the motion to suppress nor at the hearing on the motion, the magistrate judge never considered the argument and

2

consequently no objections were raised for this court's *de novo* review. The court finds that the government has waived this argument. *See, e.g.*, *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("arguments not made before a magistrate judge are normally waived . . . . [and] a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them.").

The court has once again reviewed *de novo* the video of the stop, the transcript of the suppression hearing, and the pleadings. The court finds no basis to reconsider its original opinion that the evidence seized by the officers should be suppressed. It is hereby **ORDERED** that the government's motion for reconsideration is **DENIED**.

ENTER:

*s/ Leon Jordan*
United States District Judge

3