UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: 2:08-CR-016 |
| | ) | |
| GARY MOORE | ) | |

## **MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's *pro se* motion for sentence reduction [doc. 271]. The defendant asks the court to resentence him pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendments 782 and 788 to the United States Sentencing Guidelines Manual ("U.S.S.G." or "sentencing guidelines"). Amendment 782, which became effective on November 1, 2014, revised the guidelines applicable to drug-trafficking offenses by reducing the offense levels assigned to the drug and chemical quantities described in guidelines 2D1.1 and 2D1.11. *See* U.S. Sentencing Guidelines Manual app. C, amend. 782 (2014). Amendment 788, which also became effective on November 1, 2014, identified Amendment 782 as retroactive. *See id.*, amend. 788.

The United States has responded in opposition to the defendant's motion [doc. 272]. The United States argues that the defendant is not eligible for a sentence reduction because Amendment 782 did not reduce the career offender guideline range upon which his sentence was based.

**I.    Background**

By judgment dated November 10, 2011, this court sentenced the defendant to a term of imprisonment of 188 months as to Count Two (conspiracy to distribute cocaine). The sentencing guidelines classified the defendant as a "career offender" pursuant to U.S.S.G. § 4B1.1 based on his prior felony drug trafficking convictions. The defendant's guideline range was 188 to 235 months (total offense level 31, criminal history category VI). According to the Bureau of Prisons, the defendant is presently scheduled for release on January 23, 2022.

**II.    Analysis**

District courts have discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The court has reviewed the present defendant's Presentence Investigation Report. Because the defendant was determined to be a career offender under U.S.S.G. § 4B1.1(a), his offense level and criminal history category were both determined by reference to the career offender guideline. His offense level was not based on the quantity of drugs for which he was held responsible.

Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's revision of the sentencing guidelines' § 2D1.1 Drug Quantity Table. Amendment 782 did not alter the career offender guideline. Because the defendant's sentence was based on the career offender guideline rather than U.S.S.G. § 2D1.1, he is

Case 2:08-cr-00016-RLJ   Document 275   Filed 05/04/15   Page 2 of 3   PageID #: 1130

ineligible for a sentence reduction. *See, e.g., United States v. Riley*, 726 F.3d 756, 761 (6th Cir. 2013) (A defendant whose "sentence was not 'based on' § 2D1.1 . . . is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2)[.]").

## III. Conclusion

For the reasons stated herein, the defendant's *pro se* motion for sentence reduction [doc. 271] is **DENIED**.

    **IT IS SO ORDERED.**

    ENTER:

    s/ Leon Jordan
    United States District Judge